IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LEXINGTON INSURANCE COMPANY,

    Plaintiff,

v.                                                           Civil Action No. 1:06CV21
                                                                                       (STAMP)

THRASHER ENGINEERING, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING JOINT MOTION OF ALL PARTIES AND
INTERESTED PERSONS TO VACATE THE COURT'S
ORDER DATED SEPTEMBER 30, 2008**

I. Background

The parties in the above-styled civil action jointly move this Court to vacate its September 30, 2008 memorandum opinion and order finding that the plaintiffs in the related state class action in the Circuit Court of Marion County, West Virginia, are not bound by the arbitration award as non-parties to an arbitration agreement between the federal plaintiff, Lexington Insurance Company ("Lexington") and the federal defendant, Thrasher Engineering ("Thrasher"). The motion indicates that the parties in the related state class action have reached a settlement agreement but that federal court plaintiff Lexington "is concerned about relinquishing its opportunity to appeal the Court's Order by virtue of acceding to the proposed settlement." For the reasons that follow, the motion will be denied.

II. <u>Relevant Facts and Procedural History</u>

On February 8, 2006, Lexington filed a single-count complaint in this Court against Thrasher seeking an order confirming an arbitration award in favor of Lexington against Thrasher. Specifically, the complaint requested that "[a] judgment of this Court be entered confirming the Award of Arbitrator as between plaintiff Lexington Insurance Company and defendant Thrasher Engineering, Inc." (Pl.'s Compl. 4.) On February 16, 2006, Thrasher filed an answer admitting the allegations in Lexington's complaint and stating that it was "unaware of any reasonable, legitimate basis upon which it may rely to resist the relief sought by plaintiff." (Def.'s Answer 2.) On February 22, 2006, the parties submitted a proposed agreed judgment order confirming and incorporating by reference the award of the arbitrator. There being no objection raised by any other person, the Court entered the agreed judgment order on February 27, 2006.

On December 14, 2007, Lexington filed a motion for a permanent injunction requesting an order by this Court permanently enjoining class plaintiffs in a related state court action, styled <u>Brummage v. Thrasher Engineering, Inc.</u>, Consolidated Civil Action No. 03-C-221, proceeding in the Circuit Court of Marion County, West Virginia, from pursuing, either individually and/or acting as a representative of a class, against Lexington the claims previously dismissed with prejudice by this Court or from otherwise

prosecuting their claims of insurance coverage in the West Virginia state courts.  After extensive briefing and a hearing on the motion, this Court found the class plaintiffs in the related state action are not bound by the arbitration award as non-parties to the arbitration agreement, and on September 30, 2008, this Court entered a memorandum opinion and order denying Lexington's motion for a preliminary injunction.

Lexington appealed that order to the United States Court of Appeals for the Fourth Circuit.  While the case was pending on appeal, the parties in the related state class action reached a settlement agreement.  The parties in this action then filed a motion with this Court seeking vacatur of the September 30, 2008 memorandum opinion and order.[1]  At a hearing on the motion to vacate, the parties informed this Court that they had filed a motion with the Court of Appeals for the Fourth Circuit requesting dismissal of the appeal and remand of the case to this Court for a ruling on the motion to vacate.  The Fourth Circuit granted that motion and remanded the case to this Court for a decision on the vacatur motion.

Meanwhile, the parties obtained an order in the related state proceedings vacating two previous orders entered by the Circuit Court of Marion County, West Virginia, which, like this Court, had

---

[1] In that motion, the state class action plaintiffs, by counsel, represent to the Court that they join in the request for vacatur.

determined that the class plaintiffs in the state action were not bound by the arbitration award as non-parties to the arbitration agreement.

### III. Applicable Law

As a preliminary matter, this Court notes that it construes the motion to vacate its September 30, 2008 memorandum opinion and order as a motion filed pursuant to Federal Rule of Civil Procedure 60(b). A district court may consider a Rule 60(b) motion while the judgment of the underlying order is on appeal and may either enter an order denying the motion or indicate in a written memorandum its inclination to grant the motion. See Fobian v. Storage Technology Corp., 164 F.3d 887, 891 (4th Cir. 1999).

Federal Rule of Civil Procedure 60(b) provides that a court may, upon motion or upon such terms as are just, relieve a party from a final judgment, order, or proceeding for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Although the parties in this action have not identified any authority for their request, the only potential basis for vacatur appears to be Rule 60(b)(6). Subsection (6) of Rule 60(b) is a "catch-all" provision which permits relief for "any other reason justifying relief from the operation of the judgment." A Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1)-(5) of Rule 60(b). 12-60 Moore's Federal Practice -- Civil § 60.48. Additionally, a Rule 60(b)(6) motion may not be granted absent "extraordinary circumstances." See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988); Pierce v. United Mine Workers Welfare and Retirement Fund, 770 F.2d 449 (6th Cir. 1985).

## IV. Discussion

AS discussed above, this Court retained limited jurisdiction to consider the vacatur motion while the case was on appeal in the Fourth Circuit. See Fobian, 164 F.3d at 891. Such limited jurisdiction included the power to deny the Rule 60(b) motion or to indicate in a written memorandum this Court's inclination to grant the motion. See id. However, before this Court undertook any action on the vacatur motion, the parties moved the Fourth Circuit to dismiss the appeal and to remand the case, re-vesting jurisdiction in this Court for a decision on the vacatur motion. In other words, the parties obtained remand from the Fourth Circuit

even though this Court had not indicated, in writing or otherwise, an inclination to grant the Rule 60(b) motion to vacate.[2]

As grounds for vacatur of this Court's September 30, 2008 memorandum opinion and order, the parties cite the settlement agreement reached by the parties in the related state court action and the disinclination of Lexington to forego any opportunity it may have in the future to appeal the ruling set forth in the September 30, 2008 order. However, case law clearly establishes that settlement of a dispute does not warrant vacatur under Rule 60(b)(6) because settlement does not constitute the exceptional circumstances required by that rule. See Neumann v. Prudential Insurance Company of America, 398 F. Supp. 2d 489, 492 (E.D. Va. 2005) (citing U.S. Bancorp Mortgage Company v. Bonner Mall Partnership, 513 U.S. 18 (1994), and Valero Terrestrial Corp. v. Paige, 211 F.3d 112 (4th Cir. 2000)); see also Spencer v. American International Group, 2009 WL 1034255, Case No. 3:08CV00591 (E.D. Va. Apr. 16, 2009). Here, it is not clear whether the parties' settlement is contingent upon vacatur or whether the settlement agreement merely provides that the parties will seek vacatur. Even if it is the former, such a provision does not meet the "exceptional circumstances" requirement of Rule 60(b)(6). See id.

---

[2]At the hearing on the motion to vacate, counsel for Lexington stated that she did not believe a Fobian remand was necessary but that she did believe this Court needed to receive jurisdiction back from the Fourth Circuit. Counsel offered no explanation of why she thought a Fobian remand was unnecessary.

Similarly, a party's desire to avoid the potential legal precedent set by an order does not qualify for Rule 60(b)(6) relief. See id. Moreover, the memorandum opinion and order in this action has not published (and this Court does not intend to request publication) and, therefore, would not be binding legal precedent in any other case. To the extent that it might serve as persuasive legal authority in this or any other court, such result would fall far short of the necessary exceptional circumstances for justifying vacatur.

Finally, this Court recognizes that its decision to deny the motion to vacate reaches a different outcome from the decision of the judge presiding over the related state court proceedings in the Circuit Court of Marion County, West Virginia. However, the procedural history in the state court differs from this action in at least one significant respect. In the state action, there was no previously entered agreed order incorporating the arbitration award that had purported to bind the class plaintiffs to the award. Therefore, by vacating its own orders, the state court did not leave on the record a misleading approval of the arbitrator's determination that the class plaintiffs were bound by the arbitration award, which would occur in this case if the September 30, 2008 order were vacated. Perhaps an additional important difference between the two proceedings is that the state action never reached final judgment, and no state court appeals were

pending at the time the parties filed their motion to vacate in the state court. Therefore, the state court may not have analyzed the motion to vacate filed in that court under the state parallel to Rule 60(b) of the Federal Rules of Civil Procedure.[3]

Based upon the foregoing, this Court finds that the parties have presented no valid basis for vacating this Court's September 30, 2008 memorandum opinion and order. Accordingly, the motion will be denied.

## V. Conclusion

For the reasons articulated above, this Court finds that the joint motion of all parties and interested persons to vacate the court's order dated September 30, 2008 must be, and hereby is, DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein and to Mr. Guy R. Bucci, Bucci, Bailey & Javins, L.C., P.O. Box 3712, Charleston, West Virginia, 25337.

DATED:   June 15, 2009

                               /s/ Frederick P. Stamp, Jr.
                               FREDERICK P. STAMP, JR.
                               UNITED STATES DISTRICT JUDGE

---

[3]The state court's order granting the motion to vacate does not indicate the rule or other legal authority upon which that court relied in granting the motion. At the hearing on the motion to vacate before this Court, counsel for Lexington Insurance informed this Court that the state court's order granting the motion to vacate in the state proceedings was entered before the final judgment in that case.